UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

GURAM ADEISHVILI,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 1:26-CV-382-H

**ORDER**

Guram Adeishvili entered the United States illegally four years ago. Dkt. No. 1 ¶ 19. ICE immediately detained Adeishvili and issued him a Notice to Appear, charging him with removability as an alien "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." *Id.*; *see* 8 U.S.C. § 1182(a)(6)(A)(i). After releasing Adeishvili from custody, ICE re-arrested and detained him on July 14, 2026. Dkt. No. 1 ¶¶ 20, 24. He is now held in mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A). *See id.* ¶¶ 24–25. Before the Court is Adeishvili's habeas petition, which demands his immediate release or an individualized bond hearing based on the INA and its implementing regulations, the Fifth Amendment, and the APA. Dkt. No. 1.

A district court considering an application for a writ of habeas corpus "shall forthwith award the writ" or issue a show cause order "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Court has discretion to deny the writ without issuing an order to show cause. *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998). The Court has carefully considered Adeishvili's factual allegations and legal contentions. It has also considered hundreds of

habeas petitions that sought relief on the same grounds as Adeishvili's petition and has determined that:

- Binding Fifth Circuit precedent holds that "alien[s] present in the United States who [have] not been admitted or who arrive[] in the United States" are subject to mandatory detention under Section 1225(b)(2)(A). *Diaz Patino v. Villegas*, 822 F. Supp. 3d 718, 723 (N.D. Tex. 2026) (discussing *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026)); *see also Garibay-Robledo v. Noem*, 814 F. Supp. 3d 747 (N.D. Tex. 2026) (adopting this position prior to *Buenrostro-Mendez*).

- Regulatory claims based on the statutory construction rejected in *Buenrostro-Mendez* are likewise foreclosed by binding precedent. And, in any case, where "regulations contradict the plain text of [the INA], the statute governs because a valid statute always prevails over a conflicting regulation." *Nieto Torres v. Noem*, No. 1:25-CV-197, 2026 WL 695639, at *4 (N.D. Tex. Mar. 9, 2026) (citation modified).

- A binding precedential stay issued by the Fifth Circuit forecloses the grant of habeas relief as a matter of substantive and procedural due process. *Sosnava Rodriguez v. Ortega*, Nos. 26-50183, 26-50219 & 26-50221, 2026 WL 2104747 (5th Cir. July 21, 2026) (mem.) (en banc).[1] Even were the stay not in effect, the Due Process Clause does not require relief in these circumstances. *Diaz Patino*, 822 F. Supp. 3d at 723–26; *Garibay-Robledo*, 814 F. Supp. 3d at 759–60; *see also Castellano v. Strong*, No. 6-26-CV-125, 2026 WL 2225137 (N.D. Tex. Aug. 3, 2026). And the three-factor *Mathews* test is inapplicable to aliens detained under Section 1225(b)(2)(A). *Diaz Patino*, 822 F. Supp. 3d at 723–26; *accord Castellano*, 2026 WL 2225137, at *11–12.

- An alien's prior release under 8 U.S.C. § 1226(a) does not permit him to evade mandatory detention under Section 1225. *Goyo Martinez v. Villegas*, No. 1:25-CV-256, 2026 WL 114418, at *3–4 (N.D. Tex. Jan. 15, 2026).

- APA claims that sound in habeas, including APA claims seeking relief from mandatory detention under Section 1225(b)(2)(A), are not cognizable in habeas. *Garibay-Robledo*, 814 F. Supp. 3d at 760.

---

[1] The Fifth Circuit had previously vacated the original panel opinion in *Sosnava Rodriguez v. Ortega*, which held that the Due Process Clause required a bond hearing within 90 days of detention. *See* 180 F.4th 702 (5th Cir. 2026), *vacated*, Nos. 26-50183, 26-50219 & 26-50221, 2026 WL 2014647 (5th Cir. July 10, 2026) (mem.) (en banc). The motion for stay specifically sought relief as a precedential matter to foreclose relief beyond the consolidated cases pending in *Sosnava Rodriguez*. Nos. 26-50183, 26-50219, & 26-50221, Dkt. No. 178-1.

Adeishvili raises the same arguments as the cases above. The Court previously found these arguments unavailing. After considering them anew in this petition, the Court concludes that habeas relief is unwarranted. Because it appears from the face of the petition that Adeishvili is not entitled to relief, the Court denies the petition (Dkt. No. 1).

The Clerk of Court is directed to serve this Order electronically on the United States Attorney's Office for the Northern District of Texas pursuant to the current Service of Process Agreement for federal habeas petitions under 28 U.S.C. § 2241.

So ordered on August 15, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE